```
Fricker & Mellen & Associates
Timothy J. Fricker, Esq. 183309
James G. Mellen, Esq. 122035
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel: (510) 663-8484
Fax: (510) 663-0639

Attorneys for Plaintiff
Raul Lopez
```

FILED
FEB - 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MEJ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL LOPEZ,

    Plaintiff,

v.

NEW UNITED MOTOR MANUFACTURING,
INC.'S SHORT AND LONG TERM DISABILITY
PLAN,

    Defendant.

Case No.: CV 08 0875

**COMPLAINT**

### I. JURISDICTION

1. This is a suit to enforce plaintiff's rights to declaratory, injunctive and monetary relief brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001, *et seq.*

### II. PARTIES

2. Plaintiff RAUL LOPEZ was at all times relevant hereto an employee of NEW UNITED MOTOR MANUFACTURING, INC., (hereinafter referred to as NEW UNITED), in the City of Fremont, California. As such, plaintiff was eligible to be, and was in fact, a participant in the NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM

LOPEZ COMPLAINT              Page 1

DISABILITY PLAN (hereafter referred to as PLAN), pursuant to ERISA.

3. NEW UNITED is the Plan Sponsor and Administrator of the PLAN. The PLAN is insured by LIFE INSURANCE COMPANY OF NORTH AMERICA (CIGNA).

4. The PLAN is an employee welfare benefit plan pursuant to ERISA section 502, 29 USC 1002.

### III. FACTS

5. Plaintiff was employed by the employer and was a participant in good standing in the PLAN until June 2, 2005.

6. Plaintiff became disabled on or about June 2, 2005. He suffers from severe lumbar degenerative disk disease. His disability has at all times since met the definition of disability in the PLAN.

7. On June 15, 2006, the PLAN, through the insurer, informed plaintiff that it would deny plaintiff's application for disability benefits under the PLAN.

8. Plaintiff timely appealed the denial of his application for benefits. On February 28, 2007, the PLAN, through the insurer, informed plaintiff that his appeal was also denied.

9. Plaintiff has performed all acts necessary to maintain his status as a participant in the PLAN. He timely filed all applications for benefits and appeals of denial of benefits. He provided all the necessary information to the PLAN and its representatives. Plaintiff exhausted all available administrative remedies under the PLAN.

### IV. CLAIM FOR RELIEF

10. Plaintiff hereby realleges and incorporates by reference every allegation of paragraphs 1 though 9 above, inclusive.

11. ERISA Section 502(a)(1)(B), 29 USC 1132(a)(1)(B), provides a private right of action for ERISA plan participants to recover benefits due and to clarify rights to future benefits under the terms of the PLAN.

12. As a direct and proximate consequence of defendant's failure and refusal to pay

benefits under the PLAN, plaintiff has been deprived of amounts to be determined and interest thereon.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

1. A judgment and order that defendant pay the benefits due plaintiff now and in the future and interest thereon.

2. An order that defendant pay plaintiff his attorney fees and other costs.

3. Such order and further relief as the Court may deem just and proper.

Date: February 7, 2008.

**Fricker & Mellen & Associates**

By: _____
Timothy K. Fricker, Esq.
Attorneys for Plaintiff
RAUL LOPEZ

**LOPEZ COMPLAINT**          Page 3