SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:   (415) 434-1370

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.'S
SHORT AND LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN,<br><br>    Defendants. | CASE NO. CV 08 0875 MEJ<br><br>**NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed : February 8, 2008 |

    Defendant New United Motor Manufacturing Inc.'s Short and Long Term Disability Plan ("Defendant") hereby answers the Complaint ("the Complaint") filed by Plaintiff Raul Lopez ("Plaintiff") as follows:

    1.    Answering the allegations in paragraph 1 of the Complaint, Defendant admits that this matter is governed by the Employee Retirement Income Security Act ("ERISA"), that there is federal question jurisdiction under ERISA, and that Plaintiff alleges in the Complaint entitlement to certain relief under ERISA. Except as so admitted, Defendant denies the allegations in paragraph 1 of the Complaint.

2.	Answering the allegations in paragraph 2 of the Complaint, Defendant admits that Plaintiff was employed by the New United Motor Manufacturing Inc. ("NUMMI") and, by virtue of this employment, qualified to participate in the New United Motor Manufacturing, Inc's short and long term disability plan ("the Plan"). Defendant further admits that the Plan is governed by ERISA. Except as so admitted, Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3.	Answering the allegations in paragraph 3 of the Complaint, Defendant admits that NUMMI is the sponsor of the Plan. Life Insurance Company of North America ("LINA") is the claim administrator under the Plan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that NUMMI may administer other aspects of the Plan that are not administered by LINA, and on this basis, denies the allegation that NUMMI is the administrator of the Plan. Defendant admits that LINA issued the group disability policy that provides disability insurance to eligible members of the Plan. Except as so admitted, Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4.	Defendant admits that the Plan is governed by ERISA.

5.	Answering the allegations in paragraph 5 of the Complaint, Defendant admits that documents in the claim file pertaining to Plaintiff's claim for disability benefits that is the subject of this action ("the Claim File") state that he was employed by NUMMI prior to June 2, 2005 and was eligible for coverage under the Plan by virtue of this employment. Except as so admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

6.	Defendant denies the allegations in paragraph 6 of the Complaint.

7.	Answering the allegations in paragraph 7 of the Complaint, Defendant admits that LINA advised Plaintiff that LINA was unable to approve his claim for benefits in a letter dated June 15, 2006. Except as so admitted, Defendant denies the allegations in paragraph 7 of the Complaint.

8.	Answering the allegations in paragraph 8 of the Complaint, Defendant admits that Plaintiff appealed the denial of his claim for disability benefits. Defendant further admits that LINA, in a letter dated July 26, 2006, advised Plaintiff that it was upholding the decision to deny his claim. Except as so admitted, Defendant denies the allegations in paragraph 8 of the Complaint.

9. Answering the allegations in paragraph 9 of the Complaint, Defendant admits that Plaintiff has exhausted his administrative remedies. Except as so admitted, Defendant denies the allegations in paragraph 9 of the Complaint.

## CLAIM FOR RELIEF

10. Answering the allegations in paragraph 10 of the Complaint, Defendant incorporates by reference, as if they were fully set forth below, Defendant's responses to paragraphs 1 through 9 of the Complaint as stated above.

11. Answering the allegations in paragraph 11 of the Complaint, Defendant is only required to respond to factual allegations, not to allegations concerning Plaintiff's application and interpretation of the law. Defendant admits that this matter is governed by ERISA. Defendant denies the factual allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

Defendant denies the allegations in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendant alleges that Plaintiff has failed to state a claim for relief against Defendant.

2. As a second affirmative defense, Defendant alleges that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The Administrative Record, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

3. As a third affirmative defense, Defendant denies that Plaintiff is entitled to benefits under the Policy. However, in the event that Plaintiff is found to be entitled to benefits under the Policy, Defendant alleges that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4. As a fourth affirmative defense, Defendant alleges that LINA, as the Claim Fiduciary, is the designated fiduciary for the review of claims for benefits under the Plan to the extent that such

benefits are funded by policies of insurance issued by LINA . LINA issued the Policy that funded disability insurance benefits for the Plan. LINA, as the Claim Fiduciary, has the authority, in its discretion, to interpret the terms of the Plan, including the Policy; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact. Accordingly, the abuse of discretion standard applies in this action. LINA has not and did not abuse this discretion.

WHEREFORE, Defendant prays for judgment in its favor as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;
2. That Defendant be awarded its costs and expenses incurred in this action;
3. That Defendant be awarded its attorney's fees incurred in this action; and
4. That Defendant recovers such other relief as the Court may deem just and proper.

Dated: April 11, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
SEAN P. NALTY
Attorneys for Defendant
NEW UNITED MOTOR
MANUFACTURING, INC.'S SHORT AND
LONG TERM DISABILITY PLAN