SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:  (415) 434-1370

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.'S
SHORT AND LONG TERM DISABILITY PLAN

TIMOTHY J. FRICKER (SBN 183309)
JAMES G. MELLEN (SBN 122035)
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel: (510) 663-8484
Fax: (510) 663-0639

Attorneys for Plaintiff
RAUL LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LOPEZ,<br><br>      Plaintiff,<br><br>v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN,<br><br>      Defendants. | CASE NO.  CV 08 0875  SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  July 25, 2008<br>Time:  2:00 p.m.<br>Ctrm.:  10 (19th Floor)<br><br>Action Filed   :  February 8, 2008 |

      Plaintiff RAUL LOPEZ ("plaintiff") and defendant NEW UNITED MOTOR MANUFACTURING INC'S SHORT AND LONG TERM DISABILITY PLAN ("defendant") submit this Joint Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this Case.

# DESCRIPTION OF THE CASE

**1.    Jurisdiction and Service.**

This court has original jurisdiction over this entire action pursuant to 28 U.S.C. section 1331, in that this action arises under federal law (ERISA). There are no disputes regarding personal jurisdiction. There are no parties remaining to be served.

**2.    Facts.**

    **a. Plaintiff**

This is an action for recovery of benefits claimed under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001 et seq. Plaintiff was an employee of New United Motor Manufacturing and was a participant in its Plan, which were underwritten by CIGNA Group Insurance ("CIGNA"). Plaintiff claims that on or about June 2, 2005, Plaintiff became disabled and subsequently applied for benefits under the plan. On June 15, 2006, CIGNA determined that plaintiff was not eligible for disability benefits under the Plan and so advised plaintiff. Plaintiff appealed this decision. On February 28, 2007, CIGNA notified plaintiff that it was denying Plaintiff's appeal and upholding its earlier decision. Plaintiff has exhausted his administrative remedies and now seeks unpaid benefits and attorney fees in this action.

    **b. Defendant**

Life Insurance Company of North America, a subsidiary of CIGNA, issued a group disability insurance policy ("the Policy") to New United Mortors Manufacturing Inc. that provided disability insurance coverage to participants in the New United Motors Manufacturing Inc. ("NUMMI") employee welfare benefit plan.

Plaintiff' began working at NUMMI on September 10, 1990 as an electrician. He made a claim for benefits on or about March 2006 under the Policy. He claimed that his last day of work was June 1, 2005 and that thereafter he was totally disabled due to major depression, lumbar degenerative disc disease, and radiculopathy.

The Policy defines disability as follows: "An Employee will be considered Disabled if because of Injury or Sickness, he is unable to perform all the material duties of any occupation

available at the plant, for which he is or may reasonably become qualified based on his education, training, or experience." Acting as the claim administrator, LINA concluded that the evidence in the administrative record established that plaintiff was not disabled under the terms of the Policy. LINA denied the claim on that basis.

### 3. Legal Issues.

Plaintiff contends that he became, and remains, totally disabled from severe back injury. Plaintiff contends that his claim for disability benefits under the Plan was improperly denied.

Defendant contends that it properly reviewed plaintiff's claim and that its decision to deny benefits was correct. Defendant also contends that the Policy provides for offsets against any benefits awarded to plaintiff and that the court can only award back benefits and must thereafter remand the claim to the claim administrator to determine if benefits are owed going forward.

The legal issues in this matter include the standard of review in this matter and whether plaintiff is entitled to benefits under the Policy. In addition, in the event that benefits are awarded to plaintiff, the offsets against those benefits as provided under the Policy.

### 4. Motions.

Plaintiff believes that this matter likely may be resolved on cross-motions for summary judgment, which may be bifurcated so that the appropriate standard of review is addressed and established first. If plaintiff decides to seek discovery, it is likely that the plan will oppose such discovery, so that a motion to compel or to permit discovery will be necessary.

Defendant does not believe that a summary judgment is appropriate. The determination of whether plaintiff is disabled and entitled to benefits is a question of material fact that must be decided through a bench trial on the administrative record. Defendant contends that this matter must be decided by a bench trial on the administrative record. The appropriate standard of review can be decided through a motion.

### 5. Amendment of Pleadings.

The Parties do not anticipate amendments to the pleadings at this time.

**6.     Evidence Preservation.**

Defendant has complied with all discovery requirements and all requirements under FRCP 26.

**7.     Disclosures.**

Plaintiff has not served his disclosures. Defendant served its FRCP 26 disclosure on June 5, 2008.

**8.     Discovery.**

Plaintiff does not anticipate discovery at this time. However, if the case is not settled at mediation, Plaintiff anticipates propounding extensive discovery to determine the extent of any and all possible conflicts of interest.

Defendant contends that the issue of the standard of review must be decided before plaintiff serves discovery. Discovery is not appropriate in a matter governed by de novo review. Plaintiff's claimed need for discovery to explore all possible conflicts of interest is not necessary under a de novo standard because a claimed conflict of interest is not relevant under a de novo standard of review.

**9.     Class Actions.**

This is not a class action.

**10.    Related Cases.**

There are no related cases.

**11.    Relief.**

Plaintiff seeks recovery of all past due benefits. There are no counterclaims. Defendant does contend that, if the court does award benefits, those benefits are off-set by other benefits received by plaintiff as specified in the Policy.

**12.    Settlement and ADR.**

Defendant is agreeable to private mediation.

**13.    Consent to Magistrate Judge For All Purposes.**

Defendant does not consent to a magistrate judge.

**14.    Other References.**

No other references are suitable.

**15.    Narrowing of Issues.**

Plaintiff believes that this matter likely may be resolved on cross-motions for summary judgment, which may be bifurcated so that the appropriate standard of review is addressed and established first.

Defendant contends that this matter must be decided by a bench trial on the administrative record. The appropriate standard of review can be decided through a motion.

**16.    Expedited Schedule.**

Not applicable.

**17.    Scheduling.**

Defendant contends that a pre-trial conference can be set as well as a dispositive motion cut off date.

**18.    Trial.**

Defendant contends that this matter can be set for a bench trial on the administrative record that should last no more than one-half day.

**19.    Disclosure of Non-party Interested Entities or Persons.**

Life Insurance Company of North America is the insurer who issued the policy that provided disability coverage to participants in the welfare benefit plan that is a defendant in this matter. Connecticut General Corporation is a parent company of Life Insurance Company of North America. Connecticut General Corporation is a wholly owned subsidiary of CIGNA Holding Inc. CIGNA Holding Inc. is a wholly owned subsidiary of CIGNA Corporation.

**20.    Other Matters.** None.

Dated: July 17, 2008               WILSON, ELSER, MOSKOWITZ,
                                   EDELMAN & DICKER LLP


                                   By:    */s/  Sean P. Nalty*
                                          SEAN P. NALTY
                                   Attorneys for Defendant
                                   NEW UNITED MOTOR MANUFACTURING,
                                   INC.'S SHORT AND LONG TERM DISABILITY
                                   PLAN

Dated: July 17, 2008                    FRICKER & MELLEN & ASSOCIATES

By: ___/s/ Timothy J. Fricker___
     TIMOTHY J. FRICKER
Attorneys for Plaintiff
RAUL LOPEZ

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

**IT IS SO ORDERED.**

DATED: _____, 2008

_____
The Honorable SUSAN ILLSTON
UNITED STATES DISTRICT COURT

**PROOF OF SERVICE**
*Raul Lopez v. New United Motor Manufacturing, et al.*
*USDC NDCA Case #CV08 0875 SI*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_: **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_: **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_: **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel:   (510) 663-8484
Fax:   (510) 663-0639

*Attorney for Plaintiff*
*RAUL LOPEZ*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED July 17, 2008 at San Francisco, California.

_____
M. Lisette Meyer